UNITED STATES of America,
Plaintiff–Appellee,

v.

Glen BUTZ; Danner L. Boone,
Defendants–Appellants.

Nos. 91–30374, 91–30409.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 1992.

Decided Jan. 8, 1993.

Ellison M. Matthews, Boise, ID, E. Alexander DeSalvo, Denver, CO, for defendants-appellants.

Monte J. Stiles, Asst. U.S. Atty., Boise, ID, for plaintiff-appellee.

Before: EUGENE A. WRIGHT, HUG, and POOLE, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Idaho law enforcement officials obtained electronic surveillance evidence against Glen Butz and Danner Boone by procedures that complied with then-existing state law. The Idaho Supreme Court later declared, in a separate case, that pen registers were searches according to the state constitution and required probable cause. The question before us is whether the change in state law required the suppression of the evidence in federal court. We find that a good faith exception applies. Butz and Boone also raise pre-indictment delay and Speedy Trial Act claims. We affirm the district court's pretrial rulings.

BACKGROUND:

In February 1987, Idaho law enforcement officers began an investigation into the alleged marijuana sales of Scott Sarber. Officers conducted surveillance of Sarber and a coconspirator, Joe Davis, with the aid of court-authorized pen registers and wiretaps.

By March 1988, federal officials were involved in the widening investigation, which had uncovered the involvement of several coconspirators in a multi-state drug trafficking scheme. Investigators promptly notified defendants Butz and Boone of their suspected involvement in the conspiracy.

They were indicted in September 1990 and arraigned three months later in federal court. They were charged with conspiracy to distribute marijuana, 21 U.S.C.

§§ 841(a)(1) and 846, and use of a telephone to facilitate the conspiracy, § 843(b). After several motions for continuance, the court vacated the January 22, 1991 trial date, resetting it for May 21, 1991. Following the denial of several pretrial motions, Butz and Boone entered conditional guilty pleas, preserving the right to appeal, and were convicted of conspiracy to distribute marijuana.

They argue on appeal that the district court erred in denying motions to dismiss for pre-indictment delay and to suppress electronic surveillance evidence. Butz also appeals the denial of his motions for bail pending appeal and to dismiss for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1988 & Supp.1991).

*ANALYSIS:*

I. Pre-indictment Delay

■ We review for abuse of discretion the denial of a motion to dismiss for impermissible pre-indictment delay. *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir.1989), *cert. denied,* — U.S. —, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992).

■ We apply a two-pronged test to determine if pre-indictment delay denies due process. *United States v. Moran*, 759 F.2d 777 (9th Cir.1985), *cert. denied,* 474 U.S. 1102, 106 S.Ct. 885, 88 L.Ed.2d 920 (1986). We determine first whether a defendant suffers actual prejudice as a result of the delay. *Id.* at 780. If there be prejudice, we balance the length of the delay with the reasons for it in deciding whether the defendant's rights were violated. *Id.* at 780–81.

Among the allegations of actual prejudice presented by Butz and Boone are these: the death of Sarber, a key witness and alleged head of the conspiracy; loss or dimming of witness memories; and failure to secure evidence or locate witnesses because of the belief that no charges were forthcoming.

■ A defendant has a heavy burden to prove that pre-indictment delay caused actual prejudice. *United States v. Gonzalez-Sandoval*, 894 F.2d 1043, 1050 (9th Cir.

1990). The proof must be definite and not speculative. *Id.* Courts apply the actual prejudice test stringently. *See Sherlock,* 962 F.2d at 1352 (no actual prejudice from three-year delay and loss of testimony and physical evidence); *Moran,* 759 F.2d at 777 (no actual prejudice from two-year delay, death of witness and impairment of testimony through dimming of witness memory); *United States v. Pallan*, 571 F.2d 497 (9th Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct. 2249, 56 L.Ed.2d 411 (1978) (no prejudice from five-year delay and death of witness).

■ Boone and Butz fail to demonstrate actual prejudice. We agree with the district court that they have not identified evidence that would aid in defense of the charges, withstand cross-examination and/or be found credible by a jury. Their assertions that they were harmed by Sarber's inability to testify are too speculative. *See United States v. Galardi*, 476 F.2d 1072, 1075 (9th Cir.), *cert. denied,* 414 U.S. 839, 94 S.Ct. 90, 38 L.Ed.2d 75 (1973) (Actual prejudice not shown by "[t]he assertion that a missing witness might have been useful"). Their claim that they believed no further charges were forthcoming is frivolous. Targets of a government investigation into a major drug distribution conspiracy should anticipate future legal action.

Because we find that Butz and Boone did not establish actual prejudice, we need not address the second prong of the pre-indictment delay test. *See Gonzalez-Sandoval,* 894 F.2d at 1051. The district court did not abuse its discretion in denying the motion to dismiss.

II. Speedy Trial Act

■ We review the district court's factual findings concerning speedy trial violations for clear error and questions of law concerning application of the Speedy Trial Act de novo. *United States v. Nash*, 946 F.2d 679, 680 (9th Cir.1991). We reject the argument that because Butz did not move for a continuance, one granted to several codefendants should not toll his speedy trial time.

The Act's requirement that a trial commence within the relevant 70–day period[1] may be extended only by the excludable time provisions of 18 U.S.C. § 3161(h). Excludable time includes delay resulting from a grant of continuance. A court may grant one if it finds that the "ends of justice" so require. 18 U.S.C. § 3161(h)(8)(A). We reverse a district court's finding of an "ends of justice" exception only for clear error. *United States v. Murray*, 771 F.2d 1324, 1327 (9th Cir.1985).

We have upheld the exclusion of time for a continuance to allow defense counsel time to prepare motions. *See United States v. Henderson*, 746 F.2d 619, 624 (9th Cir. 1984), *aff'd*, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). We have not, however, considered directly whether delay from a grant of continuance to one defendant is excludable time for a codefendant.

The Act specifically addresses the application of exclusions to multiple defendant cases such as this. Section 3161(h)(7) provides that a court shall exclude a reasonable period of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."

Every circuit to consider this section has concluded that "an exclusion to one defendant applies to all co-defendants." *United States v. Edwards*, 627 F.2d 460, 461 (D.C.Cir.), *cert. denied*, 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980); *see also United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir.1986), *cert. denied*, 479 U.S. 1090, 107 S.Ct. 1298, 94 L.Ed.2d 154 (1987); *United States v. Rush*, 738 F.2d 497, 504 (1st Cir.1984), *cert. denied*, 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985); *United States v. Campbell*, 706 F.2d 1138, 1141 (11th Cir.1983); *United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir.1982), *cert. denied*, 460 U.S. 1040, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983); *United States v.*

*McGrath*, 613 F.2d 361, 366 (2d Cir.1979), *cert. denied*, 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980).

We agree. The trial delay due to the continuance granted to Butz's codefendants applies to him as excludable time. To resolve Butz's speedy trial claim, we must determine whether the court properly granted the continuance and whether applying this excludable time to Butz made the resulting delay reasonable.

In *Fogarty*, the Eighth Circuit held that a continuance granted to coconspirators was justified and that, after applying this delay as excludable time, the defendant's trial fell within the 70–day limit. 692 F.2d at 546. The court reasoned that the complexity of the case, involving seven codefendants and multiple overt acts occurring in seven states, outweighed the interests of individual defendants and that the continuance served "the ends of justice" as required by section 3161(h)(8)(A). *Id.*

We are persuaded by that court's analysis. Here too, the district court had valid reasons for granting the continuance. The severity and complexity of the charges indicated that counsel would need extra time to conduct discovery, file pretrial motions and to prepare defenses to the charges.[2] The conspiracy covered six states and involved nine defendants charged in a 29–count indictment. The wiretap evidence consisted of hundreds of hours of tape time. Discovery was voluminous. Many witnesses were called from both within and outside of Idaho. The government and five of the nine codefendants agreed that a continuance was necessary. The decision to grant one due to the complexity of the case was consistent with section 3161(h)(8)(A).

■ We also find that, after applying the continuance as excludable time, the resulting delay between Butz's arraignment and trial was reasonable under section

---

**1.** Under 18 U.S.C. § 3161(c)(1), trial must commence within 70 days of the filing of the indictment or from the date the defendant has appeared before a judicial officer of the court, whichever date occurs last. Here, speedy trial time is measured from the date of Butz's arraignment.

**2.** The court mentioned the irony of Butz's motion to dismiss, commenting that he benefitted from the continuance by utilizing the additional time to file pretrial motions.

3161(h)(7). The excludable time reduced the 168–day delay to 41 days, well within the speedy trial limit. *See id.* at 545 (119–day delay reduced by 91 excludable days held reasonable for purposes of 70–day limit); *Holyfield,* 802 F.2d at 848 (excludable time reduction of 202–day delay to within 70–day limit held reasonable under Speedy Trial Act). The district court did not err in denying Butz's motion to dismiss for a speedy trial violation.[3]

### III. Pen Registers and Wiretaps

We review de novo the district court's denial of the motions to · suppress. *United States v. Thomas,* 863 F.2d 622, 625 (9th Cir.1988).

Appellants contend that the use of pen registers on the phones of Davis and Sarber, which advanced the investigation and led to the indictments, did not comply with Idaho law. Because information from the pen registers helped to establish probable cause for the later wiretaps, they argue that all electronic surveillance evidence must be suppressed.

### A. Relevance of State Law

Generally, federal law controls the admission of evidence in federal prosecutions. *United States v. Chavez–Vernaza,* 844 F.2d 1368, 1373 (9th Cir.1987). However, specific federal provisions may call for the application of state standards. Here, the action of the state officials was governed by Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–2520 (1988). Under section 2516(2), which regulates electronic surveillance by state officers, a judge may approve an interception "in conformity with . . . this chapter and with the applicable State statute. . . ."

Although we generally interpret Title III as preempting state law, we have suggested that this specific section requires further authorization by state statute. "With the lone exception concerning interception by state officers for state prosecutions, the federal statute does not defer to the states." *United States v. Hall,* 543 F.2d 1229, 1232 (9th Cir.1976) (en banc), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 814, 50 L.Ed.2d 793 (1977).

The other circuits to consider this issue have concluded that section 2516(2) prohibits introduction of electronic surveillance evidence in federal court where state standards are violated. *See United States v. Bascaro,* 742 F.2d 1335, 1346–47 (11th Cir.1984), *cert. denied,* 472 U.S. 1017, 105 S.Ct. 3476, 87 L.Ed.2d 613 (1985); *United States v. McNulty,* 729 F.2d 1243, 1264–65 (10th Cir.1983) (en banc); *United States v. Nelligan,* 573 F.2d 251, 254 (5th Cir.1978); *United States v. Marion,* 535 F.2d 697, 702 (2d Cir.1976).

We agree. Because section 2516(2) defers to the states, the interception procedures had to comply with both Idaho and federal law.

### B. Good Faith Exception and Retroactivity

The state officers here ran afoul of a change in state law. At the time of the pen register orders, the relevant Idaho statute did not require that prosecutors show probable cause in their applications. Idaho Code § 18–6719 through 6725 (1987). A later holding of the Idaho Supreme Court, however, departed from United States Supreme Court precedent and found that, according to the state constitution, a pen register was a "search" requiring prob-

---

**3.** Even if the continuance granted did not apply to Butz, his pretrial motions and his codefendants' would have tolled the speedy trial time. *See United States v. Wirsing,* 867 F.2d 1227, 1230 (9th Cir.1989). If several defendants are joined, the 70–day limit is measured from the date the last codefendant is arraigned. *United States v. Morales,* 875 F.2d 775, 776 (9th Cir.1989). Section 3161(h)(1)(F) excludes trial delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

Although Butz was arraigned on December 4, 1990, the last codefendant was arraigned over one month later. Butz, as well as his codefendants, filed several pretrial motions almost immediately after arraignment, stopping the speedy trial clock. As a result, only 18 days were nonexcludable under the Act.

able cause. *See State v. Thompson*, 114 Idaho 746, 760 P.2d 1162 (1988).

The district court found that suppression was not required because the state officers relied in good faith on existing Idaho law when the pen registers were ordered. We have not previously considered whether the good faith exception, *see United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applies in these circumstances. Yet the Second Circuit addressed this issue in *United States v. Aiello*, 771 F.2d 621 (2nd Cir.1985), a case involving a similar change in state precedent. The *Aiello* court held admissible evidence obtained by state officials who reasonably relied on then-existing New York law. The court refused to suppress the evidence because new state court decisions had possibly made the district attorney's application for a wiretap extension untimely:

> [A]lthough federal law normally controls the admissibility of evidence in federal criminal trials, we will apply more stringent statutory requirements with respect to wiretap authorizations that are designed to protect an individual's right of privacy. However, when the more stringent requirements result from new state court interpretations of state laws governing evidence-gathering, and when the state officer, prior thereto, relies in good faith on pre-existing less stringent state court interpretations, we will not apply the new interpretations retroactively, at least when to do so would not serve the interests of justice. *Id.* at 627.

We agree with that approach. The interests of justice are not served by suppression in the present case. When the pen registers were ordered, the state officers acted in accordance with Idaho law as it then existed. Excluding the evidence would not further any deterrence effect. In addition, as the district court observed,

"criminal investigations ... would be imperiled from the outset if law enforcement officers and prosecutors were required to be omniscient and constrained to guess what construction may or may not be placed on a given statute." *Cf. Illinois v. Krull*, 480 U.S. 340, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1986) (exclusionary rule does not apply to evidence obtained by police who relied in good faith upon an Illinois statute authorizing warrantless administrative searches, but which is subsequently found to violate the Fourth Amendment).[4]

Finding that the good faith exception applies, we need not reach the issue whether *Thompson* would apply retroactively to render the use of the pen registers illegal under Idaho law.

### C. Necessity of Wiretaps

 Butz and Boone's final argument for suppression, that the wiretaps issued without the proper showing of "necessity" under 18 U.S.C. § 2518(1)(c) and (3)(c), is not convincing. The district court found that the state met the necessity requirement. This determination is reviewed only for abuse of discretion, and is entitled to deference. *United States v. Brone*, 792 F.2d 1504, 1506 (9th Cir.1986).

The trial court did not err in finding electronic surveillance was needed to identify coconspirators and determine the source of supply and method of operation. "We have consistently upheld findings of necessity where traditional investigative techniques lead only to apprehension and prosecution of the main conspirators, but not to apprehension and prosecution of suppliers, major buyers, or other satellite conspirators." *United States v. Torres*, 908 F.2d 1417, 1422 (9th Cir.), *cert. denied*, 498 U.S. 948, 111 S.Ct. 366, 112 L.Ed.2d 329 (1990). The state need not show that elec-

---

**4.** We are aware that in a case involving similar facts, the Pennsylvania Supreme Court applied retroactively state court decisions requiring probable cause for pen registers. *Commonwealth v. Melilli*, 521 Pa. 405, 555 A.2d 1254, 1260–62 (1989). The court found a good faith exception inapplicable, concluding officers had unreasonably relied on a state court order because the issuing authority had "wholly abandoned his judicial role" by not considering whether probable cause existed. We do not find that reasoning persuasive. The state court judge did not consider probable cause because this was not a necessary condition under existing law. The *Melilli* court erroneously examined what was good faith reliance with the logic of hindsight.

tronic surveillance was a tool of last resort. *United States v. Smith,* 519 F.2d 516, 518 (9th Cir.1975).

IV. Bail Pending Appeal

The district court and this court's Motions Panel denied Butz's motion for bail pending appeal. Because there was not a renewed motion before this panel of judges, we do not review the claim.

AFFIRMED.