990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Fernando MOREJON-HERNANDEZ, Defendant-Appellant.
 No. 92-50458.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 12, 1993.
 MEMORANDUM***
 
 1
 Before NOONAN and LEAVY, Circuit Judges, FITZGERALD,** Senior District Judge.
 
 
 2
 Fernando Morejon-Hernandez (Morejon), an inmate in the United States Penitentiary at Lompoc (USP Lompoc), appeals the district court's preclusion of the defense of duress and its denial of his two motions to dismiss the indictment, one for pre-indictment delay and another for a violation of his right to due process and compulsory process under the Constitution. We AFFIRM.
 
 
 3
 Morejon was indicted on two counts of assault with a dangerous weapon in violation of 18 U.S.C. § 113(c) and possession of a prohibited object by an inmate in violation of 18 U.S.C. § 1791(a)(2). These charges arose from Morejon's nonfatal stabbing of a fellow inmate, Guillermo Veranes-Garrido (Veranes), in the back with two sharpened screwdrivers. Morejon eventually entered a conditional plea of guilty to the indictment pursuant to a plea agreement with the Government. He was given consecutive 60-month sentences on each of the two counts.
 
 I. Duress
 
 4
 The district court may rule on the adequacy of the factual foundation of the duress defense prior to trial. United States v. Bailey, 444 U.S. 394, 415 (1980). Whether a defendant has made a prima facie showing of each element of the duress defense is a question of law reviewed de novo. United States v. Williams, 791 F.2d 1383, 1388 (9th Cir.), cert. denied sub nom., Sears v. United States, 479 U.S. 869 (1986). To establish the defense, a defendant must show: (1) an immediate threat of death or serious bodily injury (immediacy), (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm (escapability). United States v. Jennell, 749 F.2d 1302, 1305 (9th Cir.1984), cert. denied, 474 U.S. 837 (1985); United States v. Contento-Pachon, 723 F.2d 691, 693 (9th Cir.1984). The district court found Morejon failed to satisfy the immediacy and escapability elements of this defense.
 
 A. Immediacy
 
 5
 Morejon contends he stabbed Veranes because, due to Veranes continual threats and intimidation over a nine month period and his knowledge that Veranes was a "bully" who had assaulted inmates in another prison and who had access to knives hidden within USP Lompoc, Morejon feared that "it would only be a matter of time until Veranes would stab him."
 
 
 6
 Morejon places emphasis on a confrontation between him and Veranes on his second day at USP Lompoc, during which Veranes, who is physically larger than Morejon, showed Morejon a knife and told him "look what I have for you." However, during this confrontation, Veranes did not injure Morejon; rather, he handed the knife to Morejon who, after holding it "momentarily," returned it to Veranes. Moreover, as the government notes, these threats, if they occurred, occurred nine months prior to the stabbing and, thus, are too removed in time to fulfill the immediacy requirement. Fear alone will not suffice; there must be some evidence that such injury was present, immediate, or impending. United States v. Atencio, 586 F.2d 744, 746 (9th Cir.1978) (per curiam).
 
 
 7
 Morejon also emphasizes that Veranes' threats escalated to violence two days before the stabbing, when Veranes verbally harassed, pushed, and slapped him during a confrontation in the recreation room. However, even though Veranes had a knife available to him in that room, he did not try to injure Morejon with it. Moreover, it is doubtful that this confrontation, which occurred two days prior to the stabbing, can fulfill the immediacy requirement.
 
 
 8
 Lastly, Morejon contends Veranes wrote several threatening letters to him. However, the two letters which contain threats were written after the stabbing. As such, they may show Veranes' state of mind even before the stabbing, but they do not serve as evidence of threats communicated to Morejon with a prospect of immediate injury.
 
 
 9
 The district court did not err in concluding that Morejon failed to fulfill the first element of the defense of duress.
 
 B. Escapability
 
 10
 The district court found Morejon failed to fulfill the element of escapability because, while he requested a cell and work assignment change, Morejon failed to explain to prison authorities that the reason for these changes was Veranes' harassment of him. In United States v. Peltier, 693 F.2d 96, 98 (9th Cir.1982), we stated that
 
 
 11
 the proper course for a prisoner upon learning [of facts that would cause a reasonable prisoner to fear for his life] would be to advise the warden, the prison counselors and any other counsel or friends on the inside or outside of the prison. A prisoner could make known his concerns and make an appropriate request for secure and safe custody until the factual situation could be sorted out.
 
 
 12
 While Peltier involved the application of a fourth element of the duress defense used in the context of armed jail breaks, we have stated that, in cases not involving escape from prison, there is little difference between the requirement of escapability and this fourth element. Contento-Pachon, 723 F.2d at 695. See also Jennell, 749 F.2d at 1305.
 
 
 13
 Morejon contends he took all reasonable measures "to alert authorities of the dangerous situation he was in" in that he told his case manager and counselor that he was "continually harassed by Veranes." In support, Morejon cites page 10 of his excerpt of record. That page contains Morejon's declaration. In it, Morejon states that he sought a cell change "[b]ecause of [Veranes'] harassment and threats." At best, this statement supports the assertion that Morejon's subjective, but uncommunicated, reason for seeking a cell change was Veranes' threats.
 
 
 14
 With regard to a work assignment change, the four foremen from the USP Lompoc cable factory who were interviewed after the stabbing reported that Morejon either gave no reason for seeking a work station change or stated he "was bored with his work," wanted "to earn more money," or "was tired of doing more work than anyone else." While Morejon told one foreman he was going to have a "problem" with Veranes, he did not specify what the problem was. Given Morejon's failure to advise prison authorities that he was in danger of an immediate threat of death or serious bodily injury, the district court did not err in concluding that Morejon failed to satisfy the third element of the defense of duress.
 
 
 15
 Accordingly, we find that the district court did not err in precluding Morejon from presenting the defense of duress.
 
 II. Pre-Indictment Delay
 
 16
 The district court's denial of a motion to dismiss for pre-indictment delay is ordinarily reviewed for an abuse of discretion. United States v. Butz, 982 F.2d 1378, 1380 (9th Cir.1993). In this case, however, the parties agree that since both of Morejon's motions for dismissal for pre-indictment delay are premised on Veranes' deportation, the district court's denial of those motions should be reviewed de novo, with its factual findings reviewed for clear error. See United States v. Velarde-Gavarrete, 975 F.2d 672, 674 (9th Cir.1992).
 
 
 17
 In cases of constitutionally guaranteed access to evidence, wherein the Government loses potentially exculpatory evidence, the Supreme Court applies a two-pronged test of bad faith and prejudice. United States v. Dring, 930 F.2d 687, 693 (9th Cir.1991), cert. denied, 113 S.Ct. 110 (1992). Under the due process clause, if there is actual prejudice, this court balances the length of the delay with the reasons for it in deciding whether the defendant's rights were violated. Butz, 982 F.2d at 1380. The burden on a defendant to show prejudice sufficient to warrant the dismissal of an indictment is a heavy one. See United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992). The mere fact that the government deports a witness will not establish a violation of the compulsory or due process clauses. United States v. Tafollo-Cardenas, 897 F.2d 976, 978 (9th Cir.1990). To establish actual prejudice, the defendant must show by definite and non-speculative evidence that the deported witness' non-cumulative testimony would be material and favorable to the defense and, thus, its loss has meaningfully impaired his ability to defend himself. Huntley, 976 F.2d at 1290; Dring, 930 F.2d at 693-94. Sanctions are warranted for deporting alien witnesses only if there is a reasonable likelihood that the testimony could have affected the judgment of the trier of fact. United States v. Bagley, 473 U.S. 667, 681-82 (1984).
 
 
 18
 Morejon was not indicted on assault charges until two-and-one-half years after the stabbing. While Morejon discusses "other percipient witnesses" who were moved from USP Lompoc during this time, the crux of his argument is that his motion should have been granted because Veranes had completed his prison sentence and been deported to his native country, Cuba. Thus, Morejon was prejudiced in that the defense was unable to subpoena Veranes nor interview him prior to his deportation to support its duress defense.
 
 
 19
 The district court denied Morejon's motions to dismiss the indictment on the basis that no prejudice resulted to Morejon in that Veranes would likely not testify and, if he did, would provide only cumulative testimony against Morejon. The district court did not err in so holding. Veranes indicated both in a letter to Morejon and to investigating officers that he would not testify. See Huntley, 976 F.2d at 1291. Even had he testified, Veranes' testimony would only be cumulative of that available from other sources--e.g., Veranes' size (available through prison records); Veranes' stashing of weapons throughout the USP Lompoc facility (available through Morejon, who twice reported the location of such weapons to USP Lompoc authorities). See id.; Dring, 930 F.2d at 695. Because we find that Morejon did not establish actual prejudice, we need not discuss the second prong of the pre-indictment delay test.
 
 
 20
 The district court did not err in denying Morejon's motions for dismissal of the indictment against him for pre-indictment delay or for violation of his rights under the confrontation and due process clauses of the Constitution.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3