39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adedamola Abimgola OGUNGBE, Defendant-Appellant.
 No. 93-50760.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1994.
Decided Oct. 24, 1994.
 
 1
 Before: FLETCHER and FERNANDEZ, Circuit Judges, and SEDWICK, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Adedamola Abimgola Ogungbe appeals his conviction and sentence under the Sentencing Guidelines following his conditional guilty plea to mail fraud (18 U.S.C. Sec. 1341), access device fraud (18 U.S.C. Sec. 1029(a)(2)), money laundering (18 U.S.C. Sec. 1956(a)(1)), and possession of unauthorized access devices (18 U.S.C. Sec. 1029(a)(3)). He contends that the district court erred by failing to dismiss the indictment against him for pre-indictment delay and prosecutorial vindictiveness, and by ordering him to pay restitution when he did not have the ability to pay it. We affirm.
 
 
 4
 1. Pre-indictment delay violates due process if it "caused substantial prejudice to [a defendant's] right [ ] to a fair trial and ... the delay was an intentional device to gain tactical advantage over the accused." United States v. Marion, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971). In order to assess whether a due process violation has occurred, we first determine whether a defendant suffered actual prejudice as a result of the pre-indictment delay and then, if prejudice is demonstrated, we balance the length of the delay with the reasons for it. See United States v. Butz, 982 F.2d 1378, 1380 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 250, 126 L.Ed.2d 203 (1993); United States v. Mays, 549 F.2d 670, 677 (9th Cir.1977).
 
 
 5
 "To establish actual prejudice sufficient to warrant a dismissal, the defendant must show not only the loss of the witness and/or evidence but also just demonstrate how that loss is prejudicial to him." Mays, 549 F.2d at 677; see also United States v. Sherlock, 962 F.2d 1349, 1354 (9th Cir.1989), cert. denied, --- U.S. ----, 113 S.Ct. 419, 121 L.Ed.2d 342 (1992). Ogungbe has not shown this. In support of his motion to dismiss, Ogungbe submitted counsel's declaration stating that Kehinde Ogungbe could be expected to testify (patently falsely) that he and Ogungbe received the allegedly laundered money from their Nigerian shipping magnate uncle, Dr. Raymond Dokpesi, in the form of American Express moneygrams. This declaration, based as it is on Ogungbe's unfounded, self-serving opinion concerning what his brother might testify to, does not go to the heart of the indictment and is too speculative to demonstrate actual prejudice. See United States v. Breitkreutz, 8 F.3d 688, 690 (9th Cir.1993); United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985), cert. denied, 474 U.S. 1102, 106 S.Ct. 885, 88 L.Ed.2d 920 (1986); Mays, 549 F.2d at 679-80. Moreover, there is nothing to show that the supposed testimony could withstand cross-examination or be found credible. Everything is to the contrary. See Butz, 982 F.2d at 1380. Because we determine that the district court properly found proof of actual prejudice to be lacking, we do not reach the issue of whether the district court clearly erred in balancing the length of the delay with its causes.
 
 
 6
 2. To establish a vindictive prosecution claim, Ogungbe must make an initial showing that more severe charges were filed against him because he exercised a statutory, procedural or constitutional right under circumstances giving rise to an appearance of vindictiveness. United States v. Garza-Juarez, 992 F.2d 896, 906 (9th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 724, 126 L.Ed.2d 688 (1994); United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir.1982). Once Ogungbe has made an initial showing of vindictiveness, the burden shifts to the prosecution "to show that any increase in the severity of the charges did not stem from a vindictive motive, or was justified by independent reasons or intervening circumstances that dispel the appearance of vindictiveness." Garza-Juarez, 992 F.2d at 906 (internal quotation omitted). Ogungbe has failed to meet his initial burden of demonstrating an appearance of vindictiveness. The prosecutor was entitled to confront Ogungbe with the risk of facing more serious or additional charges if he did not accept the plea offer. See Bordenkircher v. Hayes, 434 U.S. 357, 364-65, 98 S.Ct. 663, 668-69, 54 L.Ed.2d 604 (1978); see also Guam v. Fegurgur, 800 F.2d 1470, 1472 (9th Cir.1986), cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Thus, the district court did not err.
 
 
 7
 3. For the first time on appeal, Ogungbe argues that the district court erroneously imposed restitution upon him when he had no demonstrated present or future ability to pay it. Ogungbe failed to raise this objection at the time of sentencing. Where an objection is raised for the first time on appeal, we ordinarily do not consider it. United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993); see also United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992) (failure to raise objections to sentence provisions at time of sentencing waives the issues on appeal). Three narrow exceptions to this general rule exist: "(1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, and (3) when the issue is purely one of law." Reyes, 8 F.3d at 1390 (quoting Jovanovich v. United States, 813 F.2d 1035, 1037 (9th Cir.1987)).
 
 
 8
 Two of the three narrow exceptions to the waiver rule cannot apply here: the issue is not one of law, nor does it result from an intervening change in the law. See Reyes, 8 F.3d at 1390. The third exception to the waiver rule--the necessity of review to prevent a miscarriage of justice--does not apply either. Because Ogungbe can petition the sentencing court for either an extension of time for payment or a remittitur of the restitution order, he is not without a remedy if the condition cannot be met. See United States v. Smith, 944 F.2d 618, 624 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1515, 117 L.Ed.2d 651 (1992). A modifiable order that he pay back what he stole is not a miscarriage, nor does it undermine the integrity of the judicial process. Thus, we decline to review the claim.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable John G. Sedwick, United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3