**UNITED STATES of America,**
**Plaintiff Appellee,**

v.

**Jose Ponce CASTELLON, aka Jose Castellon Ponce, aka Lobster and aka Logosta aka Big Joe, Defendant–Appellant.**

No. 02–50406.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 31, 2003.

Ronald L. Cheng, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, Car-men R. Luege, Esq., Linda Aquate, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Joel Levine, Esq., Encino, CA, for Defendant–Appellant.

Before: BRUNETTI, T.G. NELSON and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Jose Ponce Castellon appeals his conviction of, and life sentence for, various narcotics-related crimes. We presume that the parties are familiar with the facts of the case and refer to them only as necessary in this disposition. For the reasons stated below, we affirm Appellant's conviction and sentence.

1. *Sufficiency of Affidavits in Support of Wiretap Surveillance*

We conclude that Agent Garcia's three affidavits in support of establishing and then maintaining wiretap surveillance of Javier Castellon's telephone line contained full and complete statements as required by 18 U.S.C. § 2518(1) as well as sufficiently established the necessity for such surveillance. *See United States v. Ippolito,* 774 F.2d 1482, 1486 (9th Cir.1985). Accordingly, the district court judge properly denied Appellant's motion to suppress the contents of the wiretap interceptions.

2. *Speedy Trial Act Challenge*

■ Given the complexity of the case, the sheer volume of discovery, and the number of defendants, we hold that the delay in commencing Appellant's trial was reasonable. *See United States v. Butz,* 982 F.2d 1378, 1381–82 (9th Cir.1993). The district court therefore did not err in excluding the five-month delay from the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Speedy Trial Act's 70–day requirement. *See* 18 U.S.C. §§ 3162(a)(2), 3161(h).

### 3. *Hearsay Statements of Co–Conspirator*

The district court did not clearly err in concluding that the challenged statements furthered the activities of the conspiracy, and were in turn excluded from the hearsay rule per Federal Rule of Evidence 801(d)(2)(E). *United States v. Arias–Villanueva,* 998 F.2d 1491, 1502 (9th Cir. 1993).

### 4. *Admissibility of Agent Antonio Garcia's Expert Testimony*

We conclude that the district court properly admitted Agent Garcia's testimony. First, Garcia was sufficiently familiar with Appellant's voice to satisfy Federal Rule of Evidence Rule 901(b). *See United States v. Plunk,* 153 F.3d 1011, 1023 (9th Cir.1998), *as amended by* 161 F.3d 1195 (9th Cir.1998), *abrogated on other grounds by United States v. Hankey,* 203 F.3d 1160, 1169 n. 7 (9th Cir.2000). Furthermore, the district court reasonably concluded that Garcia possessed the requisite knowledge and understanding of the evidence collected throughout the investigation to testify as an expert. *See Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 152–53, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). We hold therefore that the district court's decision to allow Garcia to summarize the numerous line sheets and to opine as to Appellant's leadership role in the organization and the quantities of drugs dealt did not constitute clear error. *See id.; Hankey,* 203 F.3d at 1168.

### 5. *Expanding Purpose For Which Dunkle Tape Admitted*

Because the portions of the tape offered by the prosecution contained only statements made by Appellant, such statements did not constitute hearsay per Federal Rule of Evidence 801(d), and thus were properly admitted.

### 6. *Sufficiency of Evidence to Convict on Counts Two, Three, and Four*

There was sufficient evidence for a rational jury to find beyond a reasonable doubt the elements necessary to convict Appellant of Counts Two, Three, and Four. *See Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002) (citation omitted); *United States v. Antonakeas,* 255 F.3d 714, 723 (9th Cir.2001) (citation omitted).

### 7. *Appellant's Sentence*

The district court did not err in calculating Appellant's sentence. First, the district court properly relied on Garcia's estimation of drug quantity to determine Appellant's base offense level. *See* U.S.S.G. § 2D1.1, Comment. n. 12. Moreover, evidence presented at trial and in the Pre–Sentence Report supported the two-level weapon enhancement, *see* U.S.S.G. § 2D1.1, Comment. n. 3, and the four-level leadership enhancement, *see* U.S.S.G. § 3B1.1, Comment. n. 2. *See also United States v. Maldonado,* 215 F.3d 1046, 1051 (9th Cir.2000). Finally, because an offense level of 43 or higher results in a mandatory life sentence regardless of a defendant's criminal-history category, and given that the court did not clearly err in setting Appellant's offense level at 44, any error in determining his criminal history category was harmless. *See United States v. Rutledge,* 28 F.3d 998, 1003–04 (9th Cir.1994).

### CONCLUSION

Because the district court did not commit reversible error during trial or in applying the Sentencing Guidelines, the

Appellant's conviction and sentence is AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.