**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Javier Ponce CASTELLON, a/k/a
Harvey Castellon, Defendant—
Appellant.**

**No. 02–50412.**

**D.C. No. CR–98–00143–GLT–02.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Sept. 14, 2004.*

Decided June 21, 2005.

Carmen R. Luege, Esq., Linda M. Aouate, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Esq., Law Offices of Phillip I. Bronson, Encino, CA, for Defendant–Appellant.

Before THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM**

Javier Ponce Castellon appeals his conviction and 360–month sentence for con-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

spiracy to possess with intent to distribute and possession with intent to distribute controlled substances. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm Castellon's conviction but remand in accordance with *United States v. Ameline,* 2005 WL 1291977, *11 (9th Cir. June 1, 2005) (en banc).

■ Because the parties are familiar with the facts of the case, we refer to them only as necessary for this decision. Castellon raises several arguments that are essentially the same as those that were raised and rejected in his brother's appeal arising from the same trial, *United States v. Castellon,* 80 Fed.Appx. 562 (9th Cir. 2003). The law of the case doctrine precludes a criminal appellant from raising "essentially" the same arguments raised by a co-defendant in an earlier appeal and rejected by this court. *United States v. Amlani,* 111 F.3d 705, 719 (9th Cir.1997); *United States v. Garcia,* 77 F.3d 274, 276 (9th Cir.1996); *United States v. Schaff,* 948 F.2d 501, 506 (9th Cir.1991). Under the law of the case doctrine, we affirm the district court's rulings on allegations of (i) inadequate statement of necessity in the affidavit for authorization of wiretap surveillance, (ii) improper admission of expert testimony by narcotics agents, and (iii) violation of the right to a speedy trial, without reaching the merits. *See United States v. Amlani,* 111 F.3d 705, 719 (9th Cir.1997).

■ Castellon also argues that reference by the government's experts to "line sheets," written records of monitored telephone conversations, had the effect of admitting the line sheets into evidence. He argues that the "line sheets" were inadmissible hearsay and that their admission violated the Confrontation Clause. Because Castellon failed to raise a hearsay objection at trial, the hearsay claim was waived. *Pfingston v. Ronan Eng'g Co.,* 284 F.3d

999, 1003 (9th Cir.2002); *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 n. 5 (9th Cir.2002).

■ We review for plain error claims of Confrontation Clause violations that were not raised at trial. *United States v. Traylor,* 656 F.2d 1326, 1333 (9th Cir.1981); *United States v. Jarrad,* 754 F.2d 1451, 1456–57 (9th Cir.1985). The line sheets were not introduced into evidence at all, much less in violation of the Confrontation Clause. Federal Rule of Evidence 703 permits an expert to base an opinion on facts that are not necessarily admissible in evidence if they are of the type reasonably relied upon by experts in that field. The experts testified as to their opinions and were subject to cross-examination. The reference by the experts to the "line sheets" did not constitute plain error. *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

■ Finally, Castellon challenges the district court's enhancement of his sentence based upon its determination of the quantity of drugs attributed to him and its determination that he played a leadership role in the criminal activity. Because Castellon did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a "limited remand" pursuant to *United States v. Ameline,* 2005 WL 1291977, *11 (9th Cir. June 1, 2005) (en banc).

AFFIRMED AND REMANDED.