**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus Mendoza BAUTISTA, Defendant—Appellant.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

United States of America,
Plaintiff—Appellee,

v.

Efrain Suarez Delgado, Defendant—
Appellant.

Nos. 05–30404, 05–30429.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 16, 2006.*

Decided Sept. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

416

Ronald William Skibbie, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

John C. Perry, Esq., Spokane, WA, George Paul Trejo, Jr., Esq., Yakima, WA, for Defendant–Appellant.

Before PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Defendants–Appellants Efrain Suarez Delgado and Jesus Mendoza–Bautista appeal their convictions and their sentences for conspiracy to distribute cocaine and for distribution of cocaine. We affirm. Because the parties are familiar with the facts, we do not recite them here.

ANALYSIS

*United States v. Delgado,* **No. 05–30429**

1. **Speedy Trial**

Delgado makes two speedy trial

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claims.[1] First, Delgado claims that his rights under the Speedy Trial Act were violated because his trial did not begin within 70 days of his arraignment on the Superseding Indictment. The district court granted an "ends of justice" continuance, finding that, because defendant Mendoza–Bautista had just been assigned new counsel, "the best interest of the defendants and public in a speedy trial is outweighed by the ends of justice served by this continuance because, due to the circumstances described on the record, defense counsel needs the addition[al] time in order to prepare effectively for trial." Because the ends of justice require effective representation of all defendants, and "delays caused by one defendant are excluded from the speedy trial clock as to all codefendants," *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir.1993), it was not error to postpone the trial and toll the Speedy Trial Act period to allow Mendoza–Bautista's new counsel time to prepare. Because this reasoning appears in writing on the record, the requirements of 18 U.S.C. § 3161(h)(8)(A) are satisfied.

■ Second, Delgado argues that his Sixth Amendment right to a speedy trial was violated. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial." U.S. Const. amend. VI. To prevail on a Sixth Amendment speedy trial claim, a defendant must make a showing of prejudice unless the delay was so lengthy as to be "presumptively prejudicial." *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Here, the delay lasted 97 days, or slightly more than three months. The delay was not "presumptively prejudicial" because it was substantially less than the "borderline" limit of six months. *See United States v. Gregory*, 322 F.3d 1157, 1162 n. 3 (9th Cir.2003). Delgado has made no showing of prejudice, and thus his Sixth Amendment right to a speedy trial was not violated.

## 2. Prosecutorial Misconduct

Delgado argues that he is entitled to a new trial due to a statement made by the prosecutor during his rebuttal closing argument, to wit, "I would suggest to you that the evidence reflects, that's really crossing the line to suggest that Detective McNall has given you anything untruthful during the course of this trial."

■ First, Delgado argues that the prosecutor's comment impermissibly impugned the integrity of defense counsel. In general, however, both prosecutors and defense attorneys are allowed "wide latitude" in closing argument. *See United States v. Vaccaro*, 816 F.2d 443, 451 (9th Cir.1987). Here, the prosecutor's comment was not improper, since it was not a clear attack on the integrity of defense counsel. Indeed, it is difficult to assign the phrase any particular meaning. Accordingly, the comment did not exceed the wide latitude allowed during closing arguments.

Second, Delgado argues that the prosecutor's comment impermissibly vouched for the testimony of Detective McNall. "Improper vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony." *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir.2005) (internal quotations omitted).

1. A district court's application of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, is reviewed *de novo*, but its factual findings are reviewed for clear error. *United States v. Martinez–Martinez*, 369 F.3d 1076, 1084 (9th Cir.2004).

"It is not misconduct for the prosecutor to argue reasonable inferences based on the record." *United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir.1996).

Here, the prosecutor phrased his statement in the form of an inference from the evidence—"I would suggest to you that the evidence reflects...." As a result, and because the prosecutor did not personally assure the veracity of any witness and related his comment to consistent evidence presented to the jury, the comment did not constitute improper vouching.

### 3. Mandatory Minimum Sentencing

Delgado's claims of constitutional sentencing error are moot. While Delgado attacks the application of a 120–month statutory minimum, he was in fact sentenced to 121 months of imprisonment. Even if we held that the minimum sentences mandated by 21 U.S.C. §§ 841(b) and 851 are unconstitutional, Delgado would not receive a shorter sentence, since the district judge has already imposed a sentence greater than the minimum. His claim is therefore moot, since any injury could not be "redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990).

### *United States v. Mendoza–Bautista*, No. 05–30404

### 1. Exclusion of the Exculpatory Note

■ Mendoza–Bautista argues that the district court abused its discretion by refusing to admit into evidence a note allegedly written by Vidal Escamilla–Torres absolving Mendoza–Bautista of responsibility for the crimes for which he was charged. For the note to be admissible, *each* of the following three elements must be satisfied: "(1) the declarant is unavailable as a witness; (2) the statement so far tended to subject the declarant to criminal liability

that a reasonable person in the declarant's position would not have made the statement unless he believed it to be true; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement." *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir.1997); *see* Fed.R.Evid. 804(b)(3).

The district court found that the second prong was not satisfied, and denied post-trial relief on that basis. We agree. The statement admits no crime and, indeed, does nothing to bolster the government's case against Escamilla; his presence at the scene was not in question since he was recorded on videotape.

### 2. Exclusion of Escamilla's Testimony

■ Mendoza–Bautista argues that the district court should have rejected Escamilla's assertion of Fifth Amendment privilege and compelled him to testify at Mendoza–Bautista's trial. Escamilla retained his Fifth Amendment privilege because he had not yet been sentenced. *See Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). The district court did not abuse its discretion in accepting Escamilla's blanket assertion of privilege because, with knowledge of all the relevant circumstances, it permissibly concluded that Escamilla could legitimately refuse to answer all relevant questions on the basis that ensuing cross-examination would place him in "potential jeopardy." *See United States v. Klinger*, 128 F.3d 705, 709 (9th Cir.1997).

### 3. Admission of Escamilla's Hearsay Declaration

■ Mendoza–Bautista argues that the district court erroneously admitted government informant Lockett's testimony as to Escamilla's statement that Mendoza–Bautista owned two kilograms of the cocaine in

question. The district court admitted this testimony under Fed.R.Evid. 801(d)(2)(E) as a statement of a coconspirator made in furtherance of the conspiracy.

We reject Mendoza–Bautista's claim that the district court committed clear error in finding that the government had shown by a preponderance of the evidence that Escamilla and Mendoza–Bautista were coconspirators. *See United States v. Bowman,* 215 F.3d 951, 960–61 (9th Cir. 2000); *United States v. Silverman,* 861 F.2d 571, 577 (9th Cir.1988); *United States v. Shryock,* 342 F.3d 948, 981 (9th Cir. 2003). First, there was videotape evidence showing Mendoza–Bautista and Escamilla handling money during a drug transaction; such evidence of the conspiracy is inconsistent with either Mendoza–Bautista's or Escamilla's unawareness of the conspiracy. Second, as the district court noted, telephone records showed ongoing suspicious communications between the government informant, Mendoza–Bautista, and Escamilla.

### 4. Sufficiency of the Evidence

■ Mendoza–Bautista argues that the evidence was insufficient to support his conviction for either conspiracy or for distribution of cocaine because his involvement began when he was handed cash by Escamilla, and that by that time the crime was already completed because Lockett and Escamilla had already exchanged money for drugs. The jury, however, could have believed Lockett's testimony that Escamilla said that Mendoza–Bautista owned two kilograms of the cocaine being sold, and, moreover, Mendoza–Bautista, Escamilla, and Lockett had engaged in a suspicious pattern of telephone calling which could support an inference by the jury that a conspiracy existed. Viewing this evidence in the light most favorable to the government, *see Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a rational jury could have found beyond a reasonable doubt that Mendoza–Bautista conspired with Escamilla to distribute cocaine to Lockett.

### 5. Reasonableness of the Sentence

■ Mendoza–Bautista argues that the district court failed to adequately consider his history and characteristics and his minimal role in the offense. *See* 18 U.S.C. § 3553(a)(1). A review of the record shows that the district court specifically considered Mendoza–Bautista's personal history and characteristics, noting the hardship to his family that the sentence would cause, Mendoza–Bautista's age, and his status as an illegal immigrant. The court also considered Mendoza–Bautista's role in the offense, stating clearly on the record that his presence and his behavior in receiving and counting the proceeds of the drug sale showed that he was not a minor participant in the offense. Because the district court in fact adequately considered each of the factors Mendoza–Bautista alleges were erroneously omitted from consideration, his argument fails.

### CONCLUSION

Because all of Delgado's and Mendoza–Bautista's claims of error fail, the judgment of the district court is **AFFIRMED.**