**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. EMMANUEL OLUWATOSIN KAZEEM, Defendant-Appellant. | No.  18-30145  D.C. No. 1:15-cr-00172-AA-1  MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted March 2, 2020[**]
Portland, Oregon

Before:  WOLLMAN,[***] FERNANDEZ, and PAEZ, Circuit Judges.

Emmanuel Oluwatosin Kazeem was found guilty of one count of conspiracy

to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1349, 1341, and 1343,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

five counts of mail fraud, in violation of 18 U.S.C. § 1341, four counts of wire fraud, in violation of 18 U.S.C. § 1343, and nine counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) and (c)(5). We affirm the judgment and sentence, but we vacate the restitution portion of Kazeem's judgment and remand for clarification regarding Kazeem's payment obligation.

Kazeem argues that the district court clearly erred by excluding certain time under the Speedy Trial Act's "ends of justice" exception. *See* 18 U.S.C. § 3161(h)(7); *United States v. Butz*, 982 F.2d 1378, 1380 (9th Cir. 1993) (reviewing the district court's factual findings regarding speedy trial violations for clear error and questions of law *de novo*). We conclude that the district court had valid reasons for twice granting continuance motions in this complex case involving multiple codefendants. The court did not clearly err in finding the additional time excludable under the "ends of justice" exception. *See Butz*, 982 F.2d at 1381. ("[T]rial delay due to the continuance granted to [a defendant's] codefendants applies to [the defendant] as excludable time.").

Kazeem also challenges his sentence, arguing that the district court incorrectly applied the intended loss instead of actual loss from his tax fraud scheme and used an unverifiable loss amount to determine his base offense level. As to both issues, we disagree. The district court properly used the loss Kazeem intended to cause in his tax returns scheme, rather than the loss Kazeem actually

18-30145

caused. *See United States v. Santos*, 527 F.3d 1003, 1008 (9th Cir. 2008) ("[T]he district court may reasonably infer that the participants in a counterfeiting scheme intend to take as much as they know they can."). Moreover, the intended loss calculation was verifiable because the Internal Revenue Service's agent testified that it was calculated only from those tax returns directly linked to Kazeem or one of his coconspirators.

The district court ordered Kazeem to pay more than $12 million in restitution to the victims of his crimes. The written judgment states that the entire amount is "due immediately," but it also sets out a schedule of monthly payments that Kazeem must make when released from custody. Because the restitution schedule is "internally inconsistent," we vacate it and remand the case for a clarification of Kazeem's payment obligations. *See United States v. Holden*, 908 F.3d 395, 404 (9th Cir. 2018).

**AFFIRMED IN PART, REMANDED IN PART**