**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jesus Landeros MORALES,
Defendant–Appellant.**

**No. 88–3056.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 1989 \*.

Decided May 26, 1989.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Victor H. Lara, Schwab, Kurtz & Hurley, Yakima, Wash., for defendant-appellant.

Don E. Kresse, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before BARNES, WALLACE and SKOPIL, Circuit Judges.

BARNES, Senior Circuit Judge:

Jesus Landeros Morales appeals his conviction for conspiracy to distribute cocaine and possession with the intent to deliver cocaine. He contends that the district court should have dismissed the case against him because he was not brought to trial within seventy days as required by the Speedy Trial Act, 18 U.S.C. §§ 3161–3174. We disagree and affirm.

## FACTS AND PROCEEDINGS BELOW

Morales was charged in a four-count indictment with conspiracy to distribute cocaine and possession with the intent to deliver cocaine. The four-count indictment also charged three other individuals with offenses related to the conspiracy. The last codefendant, Frank Saballa, was not arraigned until September 10, 1987.

On September 16, 1987, the Government moved to consolidate the codefendants' trials. On September 28, 1987, one of the co-defendants moved to extend the time for filing pretrial motions. Other defense pretrial motions were subsequently filed. The district court disposed of all the pretrial motions on November 6, 1987.

On December 31, 1987, Morales filed a motion to dismiss the indictment because he was not brought to trial within seventy days as required by the Speedy Trial Act. The district court denied the motion on the ground that the period during the pendency of the pretrial motions was excludable in computing the time under the Speedy Trial Act. Following a bench trial on stipulated facts, the district court found Morales guilty as charged.

## DISCUSSION

Morales contends that the twelve days during the pendency of the government's motion to consolidate should not have been excluded in calculating the seventy-day period under the Speedy Trial Act because the Government's motion was unnecessary.[1] We reject this contention.

Under the Speedy Trial Act, a criminal defendant's trial must commence within seventy days of the filing of the indictment or the defendant's initial court appearance. 18 U.S.C. § 3161(c)(1) (1982); *United States v. Stone*, 813 F.2d 1536, 1537 and n. 1 (9th Cir.) *cert. denied* —— U.S. ——, 108 S.Ct. 125, 98 L.Ed.2d 83 (1987). Where several defendants are joined for trial, the seventy-day period is measured from the date the last codefendant was indicted or arraigned. *Henderson v. United States*, 476 U.S. 321, 323 and n. 2, 106 S.Ct. 1871, 1873 and n. 2, 90 L.Ed.2d 299 (1986). The Speedy Trial Act excludes from the seventy-day calculation, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such

---

1. Morales argues that the Government's motion to consolidate was unnecessary in that the defendants were already joined in the same indictment. The Government contends that the motion was brought to avoid three separate sever-ance motions and hearings. The district court found that the Government's motion to consolidate was not an attempt to circumvent the Speedy Trial Act and granted the motion.

motion...." 18 U.S.C. § 3161(h)(1)(F) (1982). If, however, a defendant is not brought to trial within the seventy-day period, the court must dismiss the indictment upon the defendant's motion. 18 U.S.C. § 3162(a)(2) (1982).

Here, the seventy-day period under the Speedy Trial Act began to run on September 10, 1987, the date the last codefendant was arraigned. *See Henderson,* 476 U.S. at 323 and n. 2, 106 S.Ct. at 1873 and n. 2. By the time trial began on January 6, 1988, one hundred eighteen days had elapsed. The district court, however, excluded fifty-one days from calculation of the time period. The excludable period commenced on September 16, 1987, the date the Government filed its motion to consolidate, and terminated on November 6, 1987, the date the district court decided the various pretrial motions. The period at issue here is the twelve days between September 16, 1987, the date the Government filed its motion to consolidate, and September 28, 1987, the date the first defense motion was filed. The twelve days are significant; if they were erroneously excluded from the calculation of the time period, then the time from arraignment to trial was seventy-nine days, a clear violation of the Speedy Trial Act. Thus, if the delay resulting from the Govern-ment's motion to consolidate was not excludable because the motion was unnecessary, the indictment should have been dismissed.

The Speedy Trial Act, however, provides no basis for limiting the exclusion of delay stemming from "any pretrial motion" to delay from "necessary" motions. *See id.,* 476 U.S. at 326–27, 106 S.Ct. at 1874–75 (period of delay need not be reasonable to be excludable); *cf. United States v. Gallardo,* 773 F.2d 1496, 1501 (9th Cir.1985) ("ends of justice" continuance held to be totally excluded from calculation of seventy-day period based on statutory language that any period of delay resulting from an "ends of justice" continuance is to be excluded). The Supreme Court has found that the exclusion of delay from a pretrial

motion was intended to be automatic. *See Henderson,* 476 U.S. at 330, 106 S.Ct. at 1876; *United States v. Aviles–Alvarez,* 868 F.2d 1108 (9th Cir.1989). The Court has also stated that Congress envisioned that any limitations on the exclusion of time during a pretrial motion's pendency should be imposed by circuit or district court rules rather than by the statute itself. *See Henderson,* 476 U.S. at 328, 106 S.Ct. at 1875–76.

We find it highly improbable that Congress intended courts to evaluate the merits of a motion in order to determine whether delay from that motion is excludable under the Speedy Trial Act. Accordingly, we hold that delay resulting from a pretrial motion is excludable whether or not the motion was necessary.[2]

AFFIRMED.

---

**2.** We do not decide whether delay resulting from a motion brought in bad faith is excludable.