996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES, Plaintiff-Appellee,
v.
Vijay BEDEDA, Defendant-Appellant.
 No. 92-30076.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided June 15, 1993.
 
 Before WRIGHT, FARRIS and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vijay Bededa appeals his conviction and sentence for importation of heroin, possession of heroin with intent to distribute, distribution of heroin with intent to import into the United States, and conspiracy to import heroin. Bededa claims (1) ineffective assistance of counsel, (2) violation of his rights under the Speedy Trial Act, (3) violation of his Sixth Amendment right to a speedy trial, and (4) erroneous imposition of the mandatory minimum sentence for offenses involving one kilogram or more of heroin. We have jurisdiction over this appeal under 28 U.S.C. § 1291. We reject each of Bededa's arguments and affirm.
 
 
 3
 1. Ineffective Assistance of Counsel.
 
 
 4
 Since the record in this case is not sufficiently developed to permit review and resolution of the issue at this time, Bededa's claim of ineffective assistance of counsel will not be addressed on direct appeal and should be raised by collateral attack. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992).
 
 
 5
 2. Violation of the Speedy Trial Act.
 
 
 6
 A criminal defendant waives the right to dismissal under the Speedy Trial Act by failing to make a motion to dismiss before trial. 18 U.S.C. § 3162(a)(2). "[A] court need only consider alleged delay which occurs prior to and including the date on which the motion is made. The right to challenge any subsequent delay is waived absent the bringing of a new motion to dismiss." United States v. Wirsing, 867 F.2d 1227, 1230 (9th Cir.1989) (citing United States v. Berberian, 851 F.2d 236, 239-40 (9th Cir.1988)). Accordingly, we consider only the delays which occurred prior to Bededa's May 23, 1991 motion to dismiss.
 
 
 7
 Bededa claims the following nonexcluded delays toward the 70-day limit imposed by the Speedy Trial Act:
 
 
 8
 1. June 21, 1990 to July 10, 1990 19 days
 
 
 9
 2. July 20, 1990 to July 30, 1990 10 days
 
 
 10
 3. October 15, 1990 to October 22, 1990 7 days
 
 
 11
 4. April 1, 1991 to May 6, 1991 35 days
 
 
 12
 5. May 6, 1991 to May 23, 1991 17 days 1
 
 
 
 TOTAL: 88 days
 To begin, we note that several motions were pending during these periods. The time that each motion was pending is excludable. See 18 U.S.C. § 3161(h)(1)(F) (pending motions toll speedy trial clock); United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir.1987) (pending motions of codefendants also toll speedy trial clock). A total of 29 of the days claimed by Bededa must be excluded from the calculation because of pending motions.[2] Bededa apparently included the time these motions were pending because the district court made no "ends of justice" findings excluding these periods. However, delays from pretrial motions are automatically excluded. United States v. Morales, 875 F.2d 775, 777 (9th Cir.1989). The need for "ends of justice" findings relates to delays from trial continuance. See 18 U.S.C. § 3161(h)(8)(A).
 Bededa also challenges the delay from October 10, 1990 to January 2, 1991. The government requested this continuance in order to depose witnesses in Japan. The district court found that the delay of nearly three months served the ends of justice and was therefore excludable under 18 U.S.C. § 3161(h)(8)(A). We review such "ends of justice" findings for clear error. United States v. Gallardo, 773 F.2d 1496, 1501 (9th Cir.1985). We do not believe the district court's finding was clearly erroneous; hence the delay is excludable. None of this period, including the 7 days from October 15 to October 22, counts towards Bededa's speedy trial clock.
 We need not analyze Bededa's argument under the Speedy Trial Act any further--by our count, only 52 days remain. We therefore do not address the government's argument concerning the exact date on which the speedy trial clock began running. Nor do we address the merits of Bededa's argument concerning the period from April 1, 1991 to May 6, 1991.
 
 
 [3]
 Violation of Sixth Amendment Speedy Trial Right
 In determining whether Bededa's Sixth Amendment right to a speedy trial has been violated, we conduct "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." Barker v. Wingo, 407 U.S. 514, 530 (1972). In doing so, we consider four factors: (1) the length of the delay, (2) the reasons for the delay, (3) the assertion of speedy trial rights, and (4) the prejudice to the defendant. Id.; United States v. Sears, Roebuck and Co., Inc., 877 F.2d 734, 739 (9th Cir.1989).
 The length of the delay marks a threshold to our inquiry; if the delay does not exceed some "presumptively prejudicial" amount, further analysis of the Sixth Amendment claim is unnecessary. Barker, 407 U.S. at 530. In this case, sixteen months passed between the time Bededa was indicted and trial. This court has held that a delay of more than one year triggers further inquiry into the constitutionality of the delay. United States v. Henry, 615 F.2d 1223, 1233 (9th Cir.1980).
 We next consider the reasons for delay. Although the total delay in this case was sixteen months, much of that delay arose either from requests for continuance by Bededa or from requests for continuance by Bededa's codefendants to which Bededa did not object. There are, however, two delays for which the government bears responsibility: from October 15, 1990 to January 2, 1991 (3 months) and from May 6 to October 8, 1991 (5 months). The continuance from October 1990 to January 1991 was granted in order to permit the government to depose witnesses in Japan--a legitimate reason for delay.
 The main focus of Bededa's Sixth Amendment claim, and of our Sixth Amendment inquiry, is upon the justification for the five month delay from May 1991 to October 1991. Bededa claims that the entire delay, which arose from the government's interlocutory appeal regarding Bededa's codefendant Ikeji, was unnecessary because his case should have been severed from that of his codefendant.
 We review a district court's decision not to sever for abuse of discretion. United States v. Cuozzo, 962 F.2d 945, 949 (9th Cir.1992). Bededa must show that the joint trial caused him such "clear," "manifest," or "undue" prejudice that he was denied a fair trial. Id. at 950. The district court determined that the interests of judicial economy and fairness to all the defendants (Ikeji opposed the government's motion to sever) and witnesses (some of whom were travelling from Japan) outweighed Bededa's interest in immediate trial and denied the government's and Bededa's severance motions. Bededa does not argue that the delay caused him prejudice which denied him a fair trial. We do not think that failure to sever Bededa's case was an abuse of discretion.
 Interlocutory appeals by the government ordinarily are valid reasons for delay, United States v. Loud Hawk, 474 U.S. 302, 315 (1986), and reversal by the appellate court, which occurred here, United States v. Ikeji, 942 F.2d 794 (9th Cir.1991) (unpublished disposition), is "prima facie evidence of the reasonableness of the government's action." Loud Hawk, 474 U.S. at 316. The government's appeal was neither frivolous nor tangential as to Bededa's codefendant Ikeji. Although the interlocutory appeal primarily concerned Bededa's codefendant, the government had no improper purpose toward Bededa in pursuing the appeal. In fact, the government sought to sever Bededa's case and proceed to trial against Bededa alone precisely to avoid this delay in Bededa's trial. In light of the government's legitimate purpose in bringing the appeal and its attempt to sever Bededa's trial, the second Barker factor cannot weigh against the government.
 We next turn to the third factor, Bededa's assertion of his rights. Although a defendant does not waive the right to a speedy trial by failing to assert it, the degree to which the defendant has asserted the right is one of the factors to be considered in the balance. Barker, 407 U.S. at 528, 531. Bededa did not file a written opposition to the government's motion to continue the trial from October 1990 to January 1991 and did not claim any violation of his speedy trial rights until seven months after the continuance was granted. Bededa did, however, object to the delay associated with the interlocutory appeal in his response to the government's motion to sever, in his motion to dismiss or to sever, and in a personal letter to the district judge sent while his motion to dismiss or to sever was pending. The third Barker factor does not weigh against Bededa.
 In assessing the fourth factor of the Barker analysis, prejudice to the defendant, we consider (1) oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) impairment of the defendant's case. Barker, 407 U.S. at 532. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. Although Bededa was detained throughout the entire pretrial period, the delays did not in any way hinder his ability to prepare his case. In this case, we find that the prejudice to Bededa from the pretrial incarceration is insufficient to outweigh the government's legitimate reasons for delaying Bededa's trial. Cf. Barker, 407 U.S. at 354 (prejudice "minimal" where defendant spent 10 months in jail awaiting trial, but made no claim that witnesses died or otherwise became unavailable).
 After balancing all four of the Barker factors, particularly the reasons for the delays in this case, we do not find a violation of Bededa's Sixth Amendment Speedy Trial right. These legitimate, reasonable delays do not offend the constitution.
 
 
 [4]
 Imposition of Mandatory Minimum Sentence
 Bededa's argument that the district court erred by imposing the mandatory minimum sentence is without merit. Nothing in the judge's remarks remotely suggests that he thought less than one kilogram of heroin was involved in Counts III and IV. Instead, he was expressing his opinion of the 10 year mandatory minimum specified by Congress. Although the judge may have preferred to impose a lesser sentence, he correctly realized that he was without discretion to do so in this case.
 AFFIRMED.
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Bededa challenges the delay due to the interlocutory appeal, we will consider the delay between May 6, 1991 and May 23, 1991 (the date Bededa filed his motion). We include these days in the calculation without deciding whether or not the delay actually is excludable. Resolution of that issue is not necessary to dispose of Bededa's Speedy Trial Act claim
 
 
 [2]
 There were motions pending from July 19, 1990 to July 31, 1990, from March 26, 1991 to April 3, 1991, from April 8, 1991 to April 18, 1991, from April 16, 1991 to April 22, 1991 and from May 7, 1991 to May 10, 1991. Accordingly, Bededa cannot claim the following periods: July 30, 1990 to July 30, 1990, April 1, 1991 to April 3, 1991, April 8, 1991 to April 22, 1991, and May 7, 1991 to May 10, 1991