**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marvin Lee HARDEMAN, Defendant–Appellant.**

**No. 97–10516.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2000.

Filed March 21, 2000.

David J. Cohen, Cohen & Paik, San Francisco, California, for the defendant-appellant.

Robert T. Swanson, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

Before: SCHROEDER, NOONAN, and TASHIMA, Circuit Judges.

## PER CURIAM:

Marvin Lee Hardeman appeals his conviction of distribution of cocaine, possession with the intent to distribute cocaine, and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The dispositive issue is whether the Speedy Trial Act was violated during a period of time that elapsed before trial and following a status conference held by the district court to resolve pending discovery disputes. We hold that the Act was violated because at the conclusion of the conference there was no identifiable motion that remained pending. We vacate the appellant's conviction and remand for the district court to determine whether dismissal of the indictment should be with or without prejudice.

Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of the indictment or initial appearance before a judicial officer, whichever is later. *See* 18 U.S.C. § 3161(c)(1). The Act sets forth several types of excludable delay that do not count against the 70–day limit. *See* 18 U.S.C. § 3161(h). Most important for this case is delay resulting from pre trial motions. Such delay is excluded in computing the time within which the defendant must go to trial. *See* 18 U.S.C. § 3161(h)(1)(F) (requiring exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

The facts relevant to Hardeman's Speedy Trial Act claim are as follows. On October 21, 1994, Hardeman was arraigned. The parties agree that this date represents the start of the clock for Speedy Trial Act calculations. *See* 18 U.S.C. § 3161(c)(1). Prior to Hardeman's arraignment, a magistrate judge ordered a co-defendant released pending trial. The district court heard the government's motion to review the magistrate's release order, *see* 18 U.S.C. § 3145(a)(1), on October 31, 1994, eventually deciding the issue on December 16, 1994. The parties agree, however, that the time after December 1, 1994, counted toward Hardeman's Speedy Trial Act limit because the district court was required to rule within 30 days. On December 9, 1994, various motions were filed, excluding time until they were ruled upon on December 22, 1994. From that date until at least January 31, 1995, Hardeman's Speedy Trial Act clock ran. Thus, approximately 57 days counted against Hardeman's Speedy Trial Act limit prior to January 31, 1995.

On January 31, the district court held a status conference on various discovery disputes. Just prior to the conference, Hardeman filed a status memorandum reporting on the status of discovery and

requesting several discovery orders from the district court. At the conference, after resolving some of the discovery disputes, the district court ordered the parties to attempt to resolve each of the outstanding issues. After conferring, the parties reported to the district court that they had resolved all but one issue, which was never identified and which the parties themselves stated "may be a nonissue."

 The parties dispute whether on this record any motions remained pending for disposition after January 31, 1995, within the meaning of 18 U.S.C. § 3161(h)(1)(F). The government contends that various discovery issues remained outstanding. We cannot agree. Even assuming the requests contained in the status memorandum constituted "motions" for which time may be excluded under the Speedy Trial Act, *see United States v. Crooks,* 826 F.2d 4, 5 (9th Cir. 1987), a review of the record does not indicate the pendency of any identifiable motion after January 31, 1995. At the conclusion of the status conference, there remained nothing for the district court to decide. While the parties' ongoing discovery might have justified a continuance under 18 U.S.C. § 3161(h)(8)(A) in light of the complexity of the case, *see United States v. Butz,* 982 F.2d 1378, 1381 (9th Cir.1993), the district court did not grant such a continuance for the period at issue here. Continuances under that section must be specifically limited in time and supported by clear, specific findings, so that the excludability of any period of time is readily ascertainable from the docket. *See United States v. Clymer,* 25 F.3d 824, 828 (9th Cir.1994); *United States v. Jordan,* 915 F.2d 563, 565 (9th Cir.1990). Similarly, for the automatic exclusion provisions of 18 U.S.C. § 3161(h)(1)(F) to apply, there should be some identifiable pending motion apparent from a review of the district court docket.

Accordingly, a period of more than 13 days after January 31, 1995, must be added to Hardeman's Speedy Trial Act clock. The Act's 70-day limit was therefore exceeded, *see* 18 U.S.C. § 3161(c)(1), and the indictment against Hardeman must be dismissed. The district court on remand should determine whether a dismissal with or without prejudice is appropriate. *See* 18 U.S.C. § 3162(a)(2); *United States v. Lloyd,* 125 F.3d 1263, 1271 (9th Cir.1997).

REVERSED AND REMANDED.