**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nicholas STERNER, Defendant–**
**Appellant.**

No. 95–50262, 95–50475,
95–50592, 99–50334.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2000.

Decided Jan. 18, 2001.

Before GOODWIN, HUG, and PREGERSON, Circuit Judges.

## MEMORANDUM[1]

Defendant-appellant Nicholas Sterner ("Sterner") appeals from his conviction for conspiracy to possess and possession of stolen treasury checks. We affirm.

## BACKGROUND

On July 23, 1991, a jury convicted Sterner of conspiracy to possess stolen treasury checks pursuant to 18 U.S.C. § 371, and possession of stolen treasury checks pursuant to 18 U.S.C. § 510. Sterner was sentenced to twenty-one months in custody and three years supervised release. Sterner timely appealed, and in a published decision, we reversed the conviction and remanded for a new trial based on an error in the entrapment instruction given

to the jury. *United States v. Sterner*, 23 F.3d 250 (9th Cir.1994).[2]

On June 13, 1995, a second jury trial began. Wayne Pederson, a government informant who testified against Sterner at the first trial, was unavailable to testify at the second trial. Accordingly, pursuant to a motion by the government, Pederson's testimony from the first trial was read into the record. Sterner was again convicted on both counts, and he was sentenced to twenty-one months in custody and two years supervised release.

After his second conviction, in September 1995, Sterner filed a new trial motion, which the district court denied. In its opposition to the motion, the government asserted that Pederson remained unavailable. Notwithstanding this representation, however, Pederson had been apprehended and was in federal custody at the time the district court denied Sterner's new trial motion. Sterner was not informed of Pederson's capture until November 1997.

Based on this new information, Sterner filed a motion to vacate and dismiss the indictment in November 1997. After a brief hearing on the motion, the district court ordered limited discovery and afforded Sterner the opportunity to interview Pederson and file additional papers with the court. In January 1999, after interviewing Pederson, Sterner filed a motion to vacate his conviction and dismiss the indictment. The district court denied the motion.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

2. We have issued two other decisions in this particular case. First, in a severed appeal following the conclusion of the first trial, we affirmed by memorandum disposition the dis-

trict court's denial of Sterner's new trial motion based on alleged juror misconduct. Second, we reversed by memorandum disposition the district court's finding that Sterner had sufficient funds presently available to reimburse his counsel under 18 U.S.C. § 3006A(f). *United States v. Sterner*, 112 F.3d 518 (9th Cir.1997).

Sterner has now completed both the custody and supervised release portions of his sentence.

## DISCUSSION

On appeal, Sterner alleges that: (1) the district court erred in denying his motion to dismiss the indictment for failure to comply with the Speedy Trial Act ("STA"); (2) the district court erred in denying Sterner's motion to dismiss for outrageous government conduct; (3) the district court abused its discretion in admitting certain testimony by Douglas Miller, an Orange County investigator who supervised Pederson's participation in this case as an undercover informant; and (4) the district court erred in denying Sterner's 1999 motion to vacate his conviction and dismiss the indictment. None of these arguments is persuasive.

■ First, the district court did not err in denying Sterner's motion to dismiss the indictment for failure to comply with the STA. "The [STA] requires that a retrial commence within seventy days[]" from the date that the Ninth Circuit mandate issues. *United States v. Springer*, 51 F.3d 861, 865 (9th Cir.1995) (citing 18 U.S.C. § 3161(e)). "However, the [STA] sets forth several types of so-called 'excludable delay.' As the name suggests, any pretrial 'excludable delay' does not count towards the seventy day limit." *United States v. Clymer*, 25 F.3d 824, 827 (9th Cir.1994) (internal citation omitted); *see also* 18 U.S.C. § 3161(h)(1)(F) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

■ Sterner asserts that the district court improperly excluded the pendency of an ex parte application which was filed by the government on September 16, 1994, and granted by the district court on September 20, 1994. The purpose of the application was to secure the release of the government's exhibits introduced at the first trial for use during the second trial.

The district court properly excluded the five-day period from September 16–20, 1994. The government's ex parte application may be considered a "motion," as that term is used in 18 U.S.C. § 3161(h)(1)(F). *See United States v. Crooks*, 826 F.2d 4, 5 (9th Cir.1987). In addition, the district court did not err in concluding that the five-day period was excludable regardless of whether it was necessary for the government to file the application to secure the return of its trial exhibits. *United States v. Morales*, 875 F.2d 775, 777 (9th Cir.1989) (stating that "delay resulting from a pretrial motion is excludable whether or not the motion was necessary"). We therefore find that the district court did not err in denying Sterner's motion to dismiss the indictment for failure to comply with the STA.

■ Second, Sterner has not produced sufficient evidence of government conduct that is "so excessive, flagrant, scandalous, intolerable and offensive as to violate due process." *United States v. Garza–Juarez*, 992 F.2d 896, 904 (9th Cir.1993). Therefore, the district court did not err in denying Sterner's motion to dismiss due to outrageous government conduct.

■ Third, the district court did not . abuse its discretion in admitting the testimony of Douglas Miller, an Orange County investigator who supervised Pederson's participation in this case as an undercover informant. *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000) (stating that

a trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion). Moreover, to the extent that the court may have abused its discretion in admitting Miller's testimony, the testimony was not likely to affect the outcome of the case. *United States v. Ramirez*, 176 F.3d 1179, 1182 (9th Cir.1999) (stating that in the case of nonconstitutional error, a trial court's decision will be reversed for an abuse of discretion only if the error more likely than not affected the verdict).

Finally, the district court did not err in denying Sterner's 1999 motion to vacate his conviction and dismiss the indictment. The district court properly construed Sterner's motion to vacate as an unmeritorious argument that the government illegally suppressed material exculpatory or impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Additionally, none of the new arguments raised by Sterner on appeal are persuasive.

AFFIRMED.