**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marvin Lee HARDEMAN,
Defendant–Appellant.**

No. 97–10516.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2000

Opinion Filed March 21, 2000

Order Amending Opinion
Filed May 3, 2001

David J. Cohen, Cohen & Paik, San Francisco, California, for the defendant-appellant.

Robert T. Swanson, Assistant United States Attorney, San Francisco, California, for the plaintiff-appellee.

Before: SCHROEDER, NOONAN, and TASHIMA, Circuit Judges.

PER CURIAM Opinion; Dissent by Judge NOONAN.

### ORDER

A majority of the panel has voted to deny the petition for panel rehearing filed on behalf of the United States.

■ Our colleague Judge Noonan would grant the petition for rehearing on the ground that the speedy trial clock began to run anew for Hardeman on the date that one of his co-defendants was arraigned, which was 129 days after Hardeman's own arraignment. He relies upon 18 U.S.C. § 3161(h), which provides for a "reasonable period of delay" for arraignment of the co-defendant. Yet, the government cannot extend the defendant's clock by an unreasonable delay in the arraignment of a co-defendant, and we have never recognized as reasonable a delay approaching the more than four months that occurred in this case. *See United States v. Dota*, 33 F.3d 1179, 1183 (9th Cir.1994). The government in its answering brief did not view the argument as a strong one, relegating it to a passing comment in a footnote, and we did not in our original opinion deal with it as an argument worthy of being addressed.

■ In a supplemental brief, tendered on the eve of oral argument, the government advanced for the first time the explanation that co-defendants were fugitives,

and the delay should be regarded as reasonable on that basis. That argument was not made in the district court, and while the record contains fleeting references to the fugitive status of co-defendants, neither they nor the defendant has ever had an opportunity to address or rebut these belated assertions of fact. We properly did not permit the government to file its late brief tendering this essentially factual argument for the first time on appeal, and the majority believes we should not grant rehearing on account of it.

The petition for rehearing is DENIED.

The opinion filed March 21, 2000, is amended to add the following dissent by Judge Noonan:

### OPINION

PER CURIAM:

Marvin Lee Hardeman appeals his conviction of distribution of cocaine, possession with the intent to distribute cocaine, and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The dispositive issue is whether the Speedy Trial Act was violated during a period of time that elapsed before trial and following a status conference held by the district court to resolve pending discovery disputes. We hold that the Act was violated because at the conclusion of the conference there was no identifiable motion that remained pending. We vacate the appellant's conviction and remand for the district court to determine whether dismissal of the indictment should be with or without prejudice.

Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of the indictment or initial appearance before a judicial officer, whichever is later. *See* 18 U.S.C. § 3161(c)(1). The Act sets forth several types of excludable delay that do not count against the 70–day limit. *See* 18

U.S.C. § 3161(h). Most important for this case is delay resulting from pre trial motions. Such delay is excluded in computing the time within which the defendant must go to trial. *See* 18 U.S.C. § 3161(h)(1)(F) (requiring exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

The facts relevant to Hardeman's Speedy Trial Act claim are as follows. On October 21, 1994, Hardeman was arraigned. The parties agree that this date represents the start of the clock for Speedy Trial Act calculations. *See* 18 U.S.C. § 3161(c)(1). Prior to Hardeman's arraignment, a magistrate judge ordered a co-defendant released pending trial. The district court heard the government's motion to review the magistrate's release order, *see* 18 U.S.C. § 3145(a)(1), on October 31, 1994, eventually deciding the issue on December 16, 1994. The parties agree, however, that the time after December 1, 1994, counted toward Hardeman's Speedy Trial Act limit because the district court was required to rule within 30 days. On December 9, 1994, various motions were filed, excluding time until they were ruled upon on December 22, 1994. From that date until at least January 31, 1995, Hardeman's Speedy Trial Act clock ran. Thus, approximately 57 days counted against Hardeman's Speedy Trial Act limit prior to January 31, 1995.

On January 31, the district court held a status conference on various discovery disputes. Just prior to the conference, Hardeman filed a status memorandum reporting on the status of discovery and requesting several discovery orders from the district court. At the conference, after resolving some of the discovery disputes, the district court ordered the parties to attempt to resolve each of the outstanding issues. After conferring, the parties reported to the district court that they had resolved all but one issue, which was never identified and which the parties themselves stated "may be a nonissue."

■ The parties dispute whether on this record any motions remained pending for disposition after January 31, 1995, within the meaning of 18 U.S.C. § 3161(h)(1)(F). The government contends that various discovery issues remained outstanding. We cannot agree. Even assuming the requests contained in the status memorandum constituted "motions" for which time may be excluded under the Speedy Trial Act, *see United States v. Crooks,* 826 F.2d 4, 5 (9th Cir. 1987), a review of the record does not indicate the pendency of any identifiable motion after January 31, 1995. At the conclusion of the status conference, there remained nothing for the district court to decide. While the parties' ongoing discovery might have justified a continuance under 18 U.S.C. § 3161(h)(8)(A) in light of the complexity of the case, *see United States v. Butz,* 982 F.2d 1378, 1381 (9th Cir.1993), the district court did not grant such a continuance for the period at issue here. Continuances under that section must be specifically limited in time and supported by clear, specific findings, so that the excludability of any period of time is readily ascertainable from the docket. *See United States v. Clymer,* 25 F.3d 824, 828 (9th Cir.1994); *United States v. Jordan,* 915 F.2d 563, 565 (9th Cir.1990). Similarly, for the automatic exclusion provisions of 18 U.S.C. § 3161(h)(1)(F) to apply, there should be some identifiable pending motion apparent from a review of the district court docket.

Accordingly, a period of more than 13 days after January 31, 1995, must be added to Hardeman's Speedy Trial Act clock. The Act's 70–day limit was therefore ex-

ceeded, *see* 18 U.S.C. § 3161(c)(1), and the indictment against Hardeman must be dismissed. The district court on remand should determine whether a dismissal with or without prejudice is appropriate. *See* 18 U.S.C. § 3162(a)(2); *United States v. Lloyd,* 125 F.3d 1263, 1271 (9th Cir.1997).

REVERSED AND REMANDED.

NOONAN, Circuit Judge, dissenting:

The Speedy Trial Act explicitly excludes from the time in which an offense must be tried the following:

> A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted. 18 U.S.C. § 3161(h)(7).

As the Supreme Court has expanded this provision, "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant. *See* 18 U.S.C. § 3161(h)(7)." *Henderson v. United States,* 476 U.S. 321, 323 n. 2, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986). As we have put it, "If several defendants are joined, the 70–day limit is measured from the date the last codefendant is arraigned." *United States v. Butz,* 982 F.2d 1378, 1382 n. 3 (9th Cir.1993). The government advanced this argument in its brief on appeal:

> [A] new Speedy Trial Act clock began to run on February 27, 1995, when co-defendant Mary Cross was arraigned.... "When several defendants are joined for trial, the 70–day period begins to run on the date the last codefendant is indicted or arraigned." *United States v. Baker,* 10 F.3d 1374, 1400 (9th Cir. 1993), citing *Henderson v. United States,* 476 U.S. 321, 323 n. 2, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), and *United States v. Morales,* 875 F.2d 775, 776 (9th Cir.1989).

As the government's brief makes clear, Mary Cross, Hardeman's co-defendant, was arraigned on February 27, 1995. Hardeman's speedy trial clock then began to run. The 57 days counted prior to February 27, 1995, which the court counts as consuming speedy trial time, are totally irrelevant. In fact, at the most, as Hardeman himself concedes, only 26 days of countable time ran between February 27, 1995 and April 30, 1995, the start of his trial.

This point was not addressed by the court in its per curiam opinion filed March 21, 2000. There is no reason why it should not be dispositive now. If the Speedy Trial Act is followed, the government will not be required to retry or let go a defendant convicted of serious drug and firearm offenses in a trial that lasted fifteen days.

This court may affirm a district court on any basis supported by the record. *See, e.g., Bibeau v. Pac. Northwest Research Found.,* 188 F.3d 1105, 1111 n. 5 (9th Cir.1999). The record in this case contains sufficient evidence to support a ruling that Hardeman's co-defendants were fugitives. During a pre-trial hearing, the district court asked the government: "How many defendants are there still out there somewhere that haven't been picked up?" The court continued: "Who's still at large?" The government responded that defendants Lacy, Scott and Cross remained at large. The criminal pretrial minutes for both November 14, 1994 and November 30, 1994 reflect that "[t]he 3–at–large defendants were addressed." A motion filed by defendants' attorney on September 29, 1994 states: "Of the 18 defendants, 14 are before the court, 3 are reported to be fugitives and 1 is reported to be dead." A government motion entitled "Emergency Motion to Revoke Bail for Mary Cross" states that Cross was a fugitive until her

initial appearance on February 27, 1995. A magistrate judge minute order of February 27, 1995 confirms that Cross was a fugitive to this date.

All of the above information is part of the record before the district court and before us. These are not "fleeting references" to the fugitive defendants; these are acknowledgments of the fugitives by the government and by the defendants and the date when Cross first appeared is confirmed by a judicial order. These are not "belated assertions of fact," as the majority styles them, but undisputed parts of the record. There is no reason to offer opportunity to rebut such facts established by the record. If the usual rule prevailed, we would take the facts into account and affirm. It is extremely puzzling that our court is not willing to acknowledge what looms large when the record is reviewed.