**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Lucio AMBRIZ–GONZALEZ,
Defendant—Appellant.**

No. 03–50279.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2004.

Decided June 3, 2004.

David P. Curnow, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, MCKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

Lucio Ambriz–Gonzalez appeals his conviction and sentence for violation of 8 U.S.C. § 1326, re-entry into the United States after deportation. We affirm Ambriz–Gonzalez's conviction, reverse his sentence, and remand for re-sentencing.

■ Ambriz–Gonzalez argues that the district court committed two errors by failing to suppress his incriminating statement. First, he alleges that his waiver of *Miranda* rights was invalid because the Border Patrol provided *Miranda* warnings a mere three hours after a set of inconsistent administrative warnings and did not furnish a clarification. *See United States v. San Juan–Cruz,* 314 F.3d 384, 387–89 (9th Cir.2002); *Miranda v. Arizona,* 384 U.S. 436, 471–73, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Second, Ambriz–Gonzalez argues that the district court improperly limited cross-examination and denied his right to confront a prosecution witness when it restricted defense counsel's inquiry into the efficacy of a Border Patrol agent's translation of the *Miranda* warnings from English into Spanish. *See* U.S. Const. amend. VI; *United States v. James,* 139 F.3d 709, 713 (9th Cir.1998) (defining a three-part test to determine whether the exclusion of evidence violates a criminal defendant's right to confront witnesses).

Assuming without deciding that these two arguments have merit and the decisions constituted error, we conclude that the alleged errors were harmless. *See Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The government's case against Ambriz–Gonzalez was established by the information in the INS "A" File. The information in this file satisfied all of the elements of 8 U.S.C. § 1326. Thus, any evidence improperly admitted was cumulative and the alleged errors were not prejudicial.

■ Ambriz–Gonzalez also contends that by scheduling trial more than 70 days after the filing of the indictment, the district court violated the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), and the district court's own plan for implementing the Act. The record shows that on December 2, 2002, when the court proposed setting the trial for February 25, 2003, and a pretrial hearing for February 20, 2003, defense counsel agreed to the trial date and to hear the motions five days before trial. By assenting to the trial date and to leaving the motions pending, Ambriz–Gonzalez, in effect, agreed that the pending motions would create excludable time. *See United States v. Sutter,* 340 F.3d 1022, 1033 (9th Cir.2003) ("[W]here a defendant stipulates to facts underlying a district court's conclusion that time is excludable, the defendant cannot later challenge that finding."), *cert. denied,* —— U.S. ——, 124 S.Ct. 1687, 158 L.Ed.2d 379 (2004). Therefore, the exclusion from the speedy trial clock of the period during which pretrial motions were pending was proper under § 3161(h)(1)(F). *See United States v. Hardeman,* 206 F.3d 1320, 1322 (9th Cir. 2000) (per curiam) (requiring "some identifiable pending motion apparent from a review of the district court docket" in order for "the automatic exclusion provisions of 18 U.S.C. § 3161(h)(1)(F) to apply"); *United States v. Aviles–Alvarez,* 868 F.2d 1108, 1111–12 (9th Cir.1989).

Also, Ambriz–Gonzalez argues that the district court erred by denying him a one-point downward adjustment in his offense

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

level for his acceptance of responsibility under U.S.S.G. § 3E1.1(b). The government concedes this issue, and therefore, we reverse Ambriz–Gonzalez's sentence and remand for re-sentencing with one-point reduction in his offense level, pursuant to U.S.S.G. § 3E1.1(b).

**AFFIRMED in part, REVERSED in part, and REMANDED.**