**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lucio AMBRIZ–GONZALEZ,**
**Defendant–Appellant.**

No. 05–50055.

D.C. No. CR–02–2798 MJL.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Dec. 1, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy A. Scott, Esq., Law Offices of Timothy A. Scott, San Diego, CA, for Defendant–Appellant.

Before KLEINFELD, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM**

Defendant Lucio Ambriz–Gonzalez ("Ambriz") was convicted of illegal re-entry in 2003. His original sentence was reversed due to a sentencing error. *United States v. Ambriz–Gonzalez,* 103 Fed. Appx. 81, 82 (9th Cir.2004) (unpublished disposition). Upon remand, Ambriz was re-sentenced by the district court after the Supreme Court decided *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Ambriz now appeals from his re-sentencing and asserts that the district court erred in not properly sentencing him under *Booker* and 18 U.S.C. § 3553. He also argues that the district court violated the Sixth Amendment by finding the facts of prior convictions to increase his sentence without them being proved to a jury beyond a reasonable doubt. We affirm.

■ As a threshold matter, the government argues that this appeal should be dismissed because the district court was constrained by a limited remand, thus foreclosing consideration of any issues not raised in the original appeal. We reject this argument for two reasons. First, the remand in Ambriz's first appeal was not

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

explicit enough to be considered a limited remand. *See Ambriz–Gonzalez,* 103 Fed. Appx. at 83; *United States v. Washington,* 172 F.3d 1116, 1118 (9th Cir.1999) (holding that without "clear evidence," a remand for re-sentencing is presumed to be general rather than limited). Second, even if our previous order is interpreted as a limited remand, the district court still properly complied with it by applying *Booker* to Ambriz's re-sentencing. *See id.* (holding that on a limited remand a district court may still decide any issue not "expressly or impliedly disposed of on appeal").

■ The government also argues that this appeal is moot because Ambriz has served his full custodial sentence. We reject this argument as well because Ambriz is still serving a three-year term of supervised release. *See Mujahid v. Daniels,* 413 F.3d 991, 994–95 (9th Cir.2005) (holding that an appeal of a sentence by a defendant currently on supervised release is not moot because if the appeal succeeds, there is the possibility that the sentencing court would use its discretion to reduce the term of supervised release). Thus, we have jurisdiction over this appeal.

■ Ambriz first contends that the district court committed non-constitutional *Booker* error by failing to treat the Sentencing Guidelines as advisory. *See United States v. Ameline,* 409 F.3d 1073, 1084 n. 8 (9th Cir.2005) (en banc) (holding that such error occurs when "the district court did not treat the sentencing guidelines as advisory but the defendant's sentence was not enhanced by extra-verdict findings"). After examining the record, we conclude that the district court understood the advisory nature of the Guidelines in light of *Booker,* but chose to impose a sentence within the applicable guideline range. Therefore, the district court did not commit non-constitutional *Booker* error.

■ Ambriz's second contention is that the district court erred because it failed properly to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). While the court did not discuss the full list of sentencing factors to be considered under § 3553(a), its sentencing decision sufficiently covered most of them. This is adequate under § 3553. *See United States v. Delgado,* 357 F.3d 1061, 1071 (9th Cir. 2004) ("District courts must provide defendant-specific reasons for imposing a certain sentence to comply with § 3553."); *United States v. Johnson,* 998 F.2d 696, 698 (9th Cir.1993) (stating that § 3553(a) provides "a list of factors to guide the district court's discretion rather than a checklist of requisites"). Therefore, the district court did not err.

Ambriz's final contention is that the district court's fact-finding regarding prior convictions violated the Sixth Amendment because *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), no longer remains good law. This contention is foreclosed by our decision in *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres,* even though it has been called into question, unless it is explicitly overruled by the Supreme Court). Therefore, we deny Ambriz's Sixth Amendment challenge.

Accordingly, Ambriz's sentence is AF-FIRMED.