**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50365 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00256-L-7 |
| v. | MEMORANDUM[*] |
| MICHAEL DWAYNE TRYALS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
James M. Lorenz, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and TIMLIN, Senior District
Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Appellant Michael Dwayne Tryals was convicted of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Tryals now challenges on appeal the denial of his motion to dismiss the indictment based on pre-trial delay in violation of the Speedy Trial Act, 18 U.S.C. § 3161, as well as the district court's admission at trial of his statements providing his alias and state of birth during a post-arrest, pre-Miranda interview. We affirm the district court. The salient facts are known to the parties and need not be recited here.

First, the district court properly concluded that only 54 days of non-excludable time had elapsed between May 6, 2008, the date Tryals's last co-defendant was arraigned, and March 15, 2010, the date Tryals orally made his motion to dismiss for a Speedy Trial Act violation. The district court reasoned that the remaining time had been tolled by Tryals's pending discovery motion, which was filed prior to the last co-defendant being arraigned and resulted in tolling the clock from the date of filing until the hearing on the motion at the status conference on January 19, 2010. That motion was noticed for a hearing by Tryals, and subsequently continued on the date set for the hearing, after defense counsel represented that they needed additional time to receive and review discovery and determine what issues remained.

2

After that, Tryals and his co-defendants requested three continuances by stipulation, all of which represented to the court that there were motions pending. Based on these and other representations by defense counsel, the court concluded that the discovery motion presented a live dispute and that a hearing would be held on that motion. Because of this factual history, the district court did not clearly err in finding that there was an identifiable pending motion on the docket which addressed live discovery disputes that the court was required to rule upon after a hearing. *See United States v. Hardeman*, 249 F.3d 826 (9th Cir. 2001); *United States v. Aviles-Alvarez*, 868 F.2d 1108, 1113 (9th Cir. 1989). Such a pending motion tolls the clock until a hearing on that motion, regardless of whether the delay in holding a hearing is reasonable or necessary. *See Henderson v. United States*, 476 U.S. 321, 326-27 (1986).

Furthermore, the district court did not clearly err in finding that a hearing on that motion did occur on January 19, 2010, because at that time Tryals spoke to the court regarding his concerns about discovery that he had just received, the government responded as to the current status of discovery, and the court addressed those concerns. Therefore, based on those factual findings, we affirm the district court's denial of the motion to dismiss the indictment for a violation of the Speedy Trial Act.

Second, Tryals's answers to FBI agents' questions regarding aliases and his state of birth were properly admitted as evidence at trial.  The record shows that the FBI agents asked Tryals these questions while filling out a standard booking form, entitled a "Prisoner Remand" form, because it required the arrestee's aliases and state of birth.  These questions being "routine booking questions" attendant to arrest and custody, *Miranda* is not implicated.  *Pennsylvania v. Muniz*, 496 U.S. 582, 601-02 (1990);  *see also United States v. Washington*, 462 F.3d 1124, 1133 (9th Cir. 2006) ("Asking about a nickname, even if it is for identification purposes, is no different from simply asking for a suspect's name.  Questions about a person's identity are not unconstitutional even if identification of the person may help lead to the prosecution of that person for a crime.  Police routinely ask suspects their names after being told that the person committed a crime or after otherwise determining that a person is a suspect." (internal citations omitted)); *United States v. Arrellano-Ochoa*, 461 F.3d 1142, 1146 (9th Cir. 2006) (holding that questions concerning the place and date of birth fall within the "routine booking question" exception to *Miranda*).

**AFFIRMED.**

4